UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARON M. BOCCIO,

     Petitioner,

v.                                     CASE NO. 6:05-cv-179-Orl-19DAB
                                            (6:02-cr-189-Orl-19DAB)

UNITED STATES OF AMERICA,

     Respondent.

_____

## ORDER

This case involves an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 8).  The Government filed a timely response to the Petitioner's amended motion (Doc. No. 9).  Petitioner filed a reply to the Government's response (Doc. No. 10).

### *Procedural History*

Petitioner was charged in a one-count indictment with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Criminal Case No. 6:02-cr-189-Orl-19DAB, Doc. No. 1).[1]   Pursuant to a written plea agreement, Petitioner pled guilty to the crime charged in the indictment.  (*Id.* at Doc. Nos. 20, 21 & 26).  At the change of plea hearing on July 19, 2003, Magistrate Judge David A. Baker reviewed various provisions of the plea agreement with Petitioner – including provisions regarding "substantial assistance motions" and Petitioner's waiver of her rights

_____

[1]Criminal Case No. 6:02-cr-189-Orl-19DAB will be referred to as "Criminal Case."

to appeal and to assert a collateral challenge to her sentence.  (*Id.* at Doc. Nos. 21 & 42).

Petitioner represented to the Court that she understood these provisions of the Plea

Agreement, and she affirmed her understanding that she was "giving up [her] right to

appeal or challenge the sentence that's actually imposed."  (*Id.* at Doc. No. 42 at 12).

On October 16, 2003, this Court entered judgment, sentencing Petitioner to an 84-

month term of imprisonment followed by a three year term of supervised release.

(Criminal Case, Doc. Nos. 29 & 31).  On October 22, 2003, Petitioner filed a notice of appeal.

(*Id.* at Doc. Nos. 32 & 33).  Thereafter, Petitioner moved for voluntary dismissal of her

appeal, and the Eleventh Circuit Court of Appeals granted the motion on March 23, 2004.

(*Id.* at Doc. No. 44).  Mandate issued on March 23, 2004.  (*Id.*)

### *Timeliness of Petitioner's Motion*

 Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or

correct a sentence is restricted, as follows:

A 1-year period of limitation shall apply to a motion under this section.  The
limitation period shall run from the latest of --

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by
governmental action in violation of the Constitution or laws of the United
States is removed, if the movant was prevented from making a motion by
such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme
Court, if that right has been newly recognized by the Supreme Court and
made retroactively applicable to cases on collateral review; or

2

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The Government contends that Petitioner's motion is subject to dismissal because it was not timely filed under the one-year limitation of § 2255.  Specifically, the Government argues that Petitioner's conviction became "final on December 19, 2003, [when she] voluntarily moved to withdraw her appeal," and Petitioner had until December 19, 2004, to file her § 2255 motion.  (Doc. No. 9 at 7).  Because Petitioner did not file her motion to vacate until January 31, 2005 (Criminal Case, Doc. No. 45), the Government contends that Petitioner's motion was untimely.  (Doc. No. 9 at 7).

In support of its timeliness argument, the Government cites *Akins v. United States*, 204 F.3d 1086 (11th Cir. 1999),[2] for the proposition that "when [a] defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires." (Doc. No. 9 at 7).  *Akins* is inapposite because in this case the Petitioner *did* pursue a direct appeal, and that appeal was not final until March 23, 2004.  As such, Petitioner's judgment of conviction became final on March 23, 2004, and Petitioner had until March 23, 2005, to file her § 2255 motion in this case.  Thus, Petitioner's January 31, 2005, filing was timely.

---

[2]The Government actually cited "*Akins v. United States*, 204 F.3d 1338 (11th Cir. 1999);" however, the case reported at 204 F.3d 1338 is a voting rights case.

### Petitioner's Claims

Petitioner's first two claims are that she received ineffective assistance from both her trial counsel and appellate counsel.  (Doc. No. 8, ¶12.A and ¶12.B).  Petitioner claims that her appellate counsel was ineffective in that he erroneously advised her to dismiss her appeal in exchange for a Rule 35 Motion,[3] and her trial counsel was ineffective in that he did not seek "reductions promised and due Boccio for her assistance" and did not "investigate and discover mitigating evidence for sentencing."  (*Id.*;  Doc. No. 1 at 11). Petitioner's final claim is that the  Government breached a promise by its "bad faith" refusal to file a Rule 35 Motion.  (*Id.* at ¶12.C).

### Petitioner's Waiver of § 2255 Relief in Her Plea Agreement

Recently, the Eleventh Circuit Court of Appeals squarely addressed whether § 2255 relief involving claims of ineffective assistance of counsel may be waived in a plea agreement.[4]  *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.), *cert. denied*, 126 S. Ct. 246 (2005).  Joining numerous other Circuit Courts of Appeal,[5] the Eleventh Circuit held

---

[3]A "Rule 35 Motion" is brought pursuant to Rule 35 of the Federal Rules of Criminal Procedure, which "allows the government to move the district court to reduce a defendant's sentence when the defendant provides substantial assistance in investigating or prosecuting another person."  *See United States v. Lehder-Rivas*, 136 Fed. Appx. 324, 325 (11th Cir. 2005).

[4]Generally, appeal waivers are valid if knowingly and voluntarily entered. *See, e.g., United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997).

[5]The Eleventh Circuit was "persuaded" by the "consistent line of authority" from "sister Circuits" in:  *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002);  *Garcia-Santos v. United States*, 273 F.3d 506, 508-09 (2nd Cir 2001);  *United States v. Cockerham*, 237 F.3d 1179, 1883 (10th Cir. 2001);  *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000);  *Mason*

that such waivers are enforceable if the plea agreement is clear on its face, and the district court reviewed the waiver with the defendant during the plea colloquy. *Id.* at 1342. The *Williams* Court noted that a contrary holding "would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to [her] sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Id.* Thus, under *Williams*, if Petitioner's plea agreement was clear, and the district court reviewed the waiver with Petitioner during the plea colloquy, then her ineffective assistance of counsel claims will fail.[6]

The written plea agreement was clear regarding Petitioner's waiver of her right to appeal in that Petitioner agreed:

> this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and ***expressly waives the right to appeal defendant's sentence, directly or collaterally***, on any ground except for an upward departure by the sentencing judge, a sentence above the statutory maximum, a sentence in violation of the law apart from the sentencing guidelines, or the applicability of the "safety valve" provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2; provided, however, that if the government exercises its right

---

*v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). *See Williams*, 396 F.3d at 1342.

[6]A claim of ineffective assistance of counsel brought pursuant to § 2255 survives a plea-waiver only when the claim challenges the validity of the plea or the waiver. *See also White*, 307 F.3d at 343 ("[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."); *DeRoo*, 223 F.3d at 924 ("Dismissal of a § 2255 motion on the basis of a waiver in the plea agreement is inappropriate when the defendant's claims of ineffective assistance relate to the negotiation of, and entry into, the plea agreement and waiver"). Here, Petitioner does not contend that the validity of her plea or waiver was impacted by counsel's alleged ineffective assistance.

to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Criminal Case, Doc. No. 21 at 12 (emphasis added)).  The plea agreement was equally clear as to the parties' agreement regarding any "substantial assistance" or Rule 35 Motion:

> Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons . . . . If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the Unites States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and ***the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.***

(Criminal Case, Doc. No. 21 at 3-4 (emphasis added)).

During her change of plea hearing, Magistrate Judge Baker queried Petitioner regarding her understanding of the foregoing provisions, and Petitioner specifically acknowledged that she was giving up the right to challenge her sentence "directly or collaterally."[7]  (Criminal Case, Doc. No. 21 at 12).  Petitioner further represented to the

---

[7]As to the substantial assistance provisions, Magistrate Judge Baker asked the Petitioner if she understood that the Plea Agreement gave her no rights enforceable against

Court that she had discussed the appeal waiver with her counsel, and she had no questions

regarding the appeal waiver. (*Id.*)

Magistrate Judge Baker made additional inquiries regarding Petitioner's general

understanding of the plea agreement, her rights, and the voluntariness of her plea:

> THE COURT:   Do you understand you're not required to plead guilty; that you have a right to maintain your plea of not guilty; go to trial on these charges?
>
> [PETITIONER]:   I understand that.
>
> THE COURT:   Has anybody done anything that you consider to be wrong or unfair to get you to plead guilty to this charge?
>
> [PETITIONER]:   No sir.
>
> THE COURT:   Has there been any, any threats, coercion, improper pressure of any kind placed on you to get you to plead guilty?
>
> [PETITIONER]:   No sir.

---

the Government as to the issue of substantial assistance:

> The Government's also agreeing to consider the possibility of filing a motion for your benefit to recognize substantial assistance that you may have in the past provided or in the future will provide with respect to prosecution of others. The Government's not promising to file that motion, but to, so long as the Government acts in good faith in making that consideration, you can't force the Government to file it, even the Court can't do that. . . . Do you understand that?

(Criminal Case, Doc. No. 42 at 10-11). The Petitioner responded "Yes." (*Id.* at 11). The Petitioner affirmed that she had enough time to discuss the charges with her attorney and that she was "satisfied with the services" she had received from her attorney. (Criminal Case, Doc. No. 42 at 7).

THE COURT:      Do you want to plead guilty to this charge because you are guilty or is there some other reason that you want to plead guilty?

[PETITIONER]:    No, because I'm guilty.

                  \*   \*   \*

THE COURT:      [T]his plea agreement . . . does it contain all the promises that you've made to the Government and all the promises the Government's made to you about the charges in this case?

[PETITIONER]:    Yes, I believe, yes.

THE COURT:      Is there anything else, orally or in writing, any other kind of representations or promises that you're relying on as a basis for your decision to plead guilty?

[PETITIONER]:    No, sir.

(Criminal Case, Doc. No. 42 at 6-7 & 13).

Based upon this record, there is no doubt that the *Williams* requirements are satisfied – the plea agreement was clear regarding Petitioner's waiver of her appellate rights, and this Court carefully reviewed the waiver provisions of the plea agreement with Petitioner. Further, Petitioner's representations during her change of plea hearing that she understood the plea agreement and voluntarily waived her right to appeal constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Since Petitioner is barred from asserting her ineffective assistance of counsel claims, claims one and two must be denied. *Williams*, 396 F.3d at 1342.

*Petitioner's Breach of Promise Claim*

Petitioner's third claim is that the Government breached a promise to file a Rule 35 Motion in exchange for Petitioner's dismissal of her pending appeal.  This claim – which relates to an alleged promise by the Government made *after* Petitioner's sentencing – is not cognizable under § 2255.  Section 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  Thus, a federal prisoner may only obtain relief under § 2255 if her sentence (a) was imposed in violation of the Constitution or federal laws, (b) was imposed by a court without jurisdiction to do so, (c) was in excess of the maximum permitted by the law, or (d) is otherwise subject to attack.  Petitioner has not shown the applicability of any of these four grounds regarding her breach of promise claims.  Therefore, her third claim that the Government breached a promise made while Petitioner's judgment and sentence were on appeal is not cognizable under § 2255 and must be denied.[8]

_____

[8]To the extent Petitioner's breach of promise claim is based upon statements made by the Government before sentencing, such claim is waived by the clear terms of the plea agreement which were reviewed with Petitioner during the change of plea hearing.  (*See supra*, ***Petitioner's Waiver of § 2255 Relief in Her Plea Agreement***, at 4-8).  Indeed, the clarity and detail of the "substantial assistance" provision in Petitioner's plea agreement distinguishes this case from the case cited by Petitioner in her amended petition – *United States v. Benjamin*, 138 F.3d 1069 (6th Cir. 1998).

Even if Petitioner's breach of promise claim were cognizable under § 2255, she could not prevail because Petitioner has not alleged or provided evidence that the Government's failure to file a Rule 35 Motion was based on an "unconstitutional motive." *See United States v. Lehder-Rivas*, 136 Fed. Appx. 324, 325 (11th Cir. 2005) (rejecting breach of promise claim and noting that district courts have no authority to "review a prosecutor's refusal to file a substantial-assistance motion" unless the defendant alleges and submits evidence "that the refusal was based on an unconstitutional motive"); *e.g., United States v. Turner*, 2006 U.S. App. LEXIS 14061, *3-*4 (11th Cir. June 8, 2006) (denying motion for specific performance of an alleged cooperation agreement entered into after a plea agreement where movant provided no claim or evidence of an unconstitutional motive).  At most, Petitioner alleged that the Government acted in "bad faith."  Allegations of "bad faith" are insufficient to support a breach of promise claim against the Government;  thus, Petitioner's third claim fails.  *E.g., United States v. Marshall*, 2006 U.S. App. LEXIS 16753 (11th Cir. July 5, 2006) (rejecting motion to compel where movant "alleged only bad faith as the motivation for the government's refusal to file a Rule 35(b)").

### Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.     The motion and amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. Nos. 1 and 8) filed by Petitioner are **DENIED**, and this case is **DISMISSED** with prejudice.

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      The Clerk of the Court is directed to file a certified copy of this Order in criminal case number 6:02-cr-189-Orl-19DAB and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case, Doc. No. 45) pending in that case.

        **DONE AND ORDERED** at Orlando, Florida, this _19th____ day of October, 2006.


```
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT
```

Copies to:
pslc 10/19
Sharon M. Boccio
Counsel of Record